**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

LARRY J. WALKER,

       Petitioner,

v.                                         Case Number: 09-CV-14979

MICHIGAN DEPARTMENT
OF CORRECTIONS, et.al.,

       Respondents.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING "PETITION FOR WRIT OF HABEAS CORPUS" AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

Petitioner Larry J. Walker, a state inmate currently confined at the Gus Harrison Correctional Facility[1] in Adrian, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the Michigan Parole Board's decision denying him parole. In his *pro se* pleadings, Petitioner contends that his constitutional rights have been violated because the Parole Board failed to comply with the requirements as outlined in Mich. Comp. Laws § 791.233e(6). The Parole Board denied him parole on March 14, 2006, August 31, 2006, August 8, 2007, August 15, 2008, and July 16, 2009, each time stating that it "lacks reasonable assurance that the [Petitioner] will not become a menace to society or to the public safety and denial of parole is

---

[1] The court notes that the proper respondent in a habeas case is the habeas petitioner's custodian, which in the case of an incarcerated petitioner is the warden of the facility where the petitioner is incarcerated. Rule 2(a) of the Rule Governing § 2254 Cases; *see also Edwards v. Johns*, 450 F.Supp.2d 755, 757 (E.D. Mich. 2006). In most cases where the caption is incorrect, the court would order an amendment of the case caption. However, because the court is summarily dismissing the petition in this case, it finds no reason to do so.

warranted." Petitioner asserts that the Parole Board's decision violated his due process rights, and that he was entitled to parole absent "substantial and compelling" reasons. For the reasons stated below, the court will summarily dismiss the petition. The court also declines to issue a certificate of appealability.

## I.  BACKGROUND

In 1994, Petitioner pleaded guilty to assault with intent to commit murder, Mich. Comp. Laws § 750.83, and second-degree murder, Mich. Comp. Laws § 750.317, in Newaygo County Circuit Court. He was subsequently sentenced to ten to thirty years imprisonment for the assault conviction and sixteen to forty-eight years imprisonment for the second-degree murder conviction. The Board denied Petitioner parole for those offenses as stated above. Petitioner claims that the Board failed to give substantial and compelling reasons, in writing, when denying him parole. Petitioner argues that he is a prisoner who has been given a high probability of parole under Michigan's Parole Guidelines and the Board ignored the guidelines as such.

## II.  STANDARD OF REVIEW

Under Rule 4 of the Rules Governing § 2254 Cases, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Rule 4, Rules Governing § 2254 Cases. Therefore, a petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it will be summarily be dismissed. *See Perez v. Hemingway*, 157 F.Supp.2d 790, 796 (E.D. Mich. 2001). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not

entitled to federal habeas relief. *See Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); *see also* Rule 4, Rules Governing § 2254 Cases. Finally, no response to a habeas petition is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response by the state. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970). If the court concludes, under Rule 4, that Petitioner's parole claims do not entitle him to habeas relief, the court must summarily dismiss the petition. *See McIntosh v. Booker*, 300 F.Supp.2d 498, 499 (E.D. Mich. 2004).

### III. DISCUSSION

As an initial matter, Petitioner acknowledges that he has not presented his parole claims to the Michigan courts, because Michigan law does not permit a prisoner to appeal an adverse decision by the Michigan Parole Board. Petitioner's failure to exhaust his parole denial claims with the state courts is excusable. *See Jackson v. Jamrog*, 411 F.3d 615, 618 (6th Cir. 2005). The court will therefore proceed to address the merits of Petitioner's claims.

In order to demonstrate that he is entitled to habeas relief, Petitioner must show that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. Petitioner alleges a violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution. The Fourteenth Amendment provides in part: "nor shall any State deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV. As the United States Supreme Court has explained, the Fourteenth Amendment protects "the individual against arbitrary action of government." *Wolff v. McDonnell*, 418 U.S. 539, 558 (1974).

3

The Supreme Court has definitively held that there is no right under the United States Constitution of a lawfully convicted person to be conditionally released before the expiration of a valid sentence.  *See Greenholtz v. Inmates of Nebraska Penal and Corr. Complex*, 442 U.S. 1, 7 (1979); *see also Kentucky Dep't. of Corr. v. Thompson*, 490 U.S. 454, 460 (1989).  Simply stated, there is no federal constitutional right to parole.  *See Gavin v. Wells*, 914 F.2d 97, 98 (6th Cir. 1990).  While there is no federal constitutional right to parole, the Supreme Court has held that a convicted person may have a liberty interest created by a State's laws, a liberty interest which is subject to constitutional protection.  *See Thompson*, 490 U.S. at 460 (citing *Hewitt v. Helms*, 459 U.S. 460, 466 (1983)).

In deciding whether a liberty interest arises under the laws of a State, the Supreme Court closely examines the language of the State's relevant statutes and regulations.  *Thompson*, 490 U.S. at 461.  "Stated simply," the Court explained, "'a State creates a protected liberty interest by placing substantive limitations on official discretion.'"  *Id.* at 462 (quoting *Olim v. Wakinekona*, 461 U.S. 238, 249 (1983)).  As the Court further advised:

> A state may do this in a number of ways . . . the most common manner in which a  State creates a liberty interest is by establishing "substantive predicates" to govern official decision-making . . . and, further, by
>
> mandating the outcome to be reached upon a finding that the relevant criteria have been met.

*Id.* (citing *Hewitt*, 459 U.S. at 472).  In order to find that a liberty interest arises under a State's laws, the Court has required "that the regulations contain 'explicitly mandatory language,' *i.e.*, specific directives to the decisionmaker that if the regulations'

4

substantive predicates are present, a particular outcome must follow." *Id.* at 463 (quoting *Hewitt*, 459 U.S. at 471-72).

Applying those standards, the Michigan Court of Appeals and the courts within the Sixth Circuit have concluded that a liberty interest in parole does not arise under Michigan law. *See Hurst v. Dep't. of Corr. Parole Bd.*, 325 N.W.2d 615, 617 (1982); *Juarez v. Renico*, 149 F. Supp. 2d 319, 322 (E.D. Mich. 2001). The *Hurst* Court found that Michigan's parole statute provides that a prisoner shall not be released until his minimum term of imprisonment has been served, but that it allows an early parole as an exception to the minimum term provision. *Hurst*, 325 N.W.2d at 617. While the statute provides factors for the Parole Board to consider, it does not mandate parole if certain criteria are met. *Id.* The Michigan Court of Appeals concluded that the State's statute "creates only a hope of early release," rather than a right to release. *Id.* As Petitioner has no protected liberty interest in parole, his claim is not cognizable on federal habeas review. Petitioner has also not shown that he is being held beyond the expiration of his sentence. Habeas relief is therefore not warranted in this case.

## IV.  CERTIFICATE OF APPEALABILITY

A petitioner must receive a certificate of appealability ("COA") in order to appeal the denial of a habeas petition for relief from either a state or federal conviction.[2] 28 U.S.C. §§ 2253(c)(1)(A), (B). A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

---

[2] Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254.

When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37. The court concludes that jurists of reason would not find the court's assessment of the constitutional claims debatable or wrong. The court thus declines to issue Petitioner a certificate of appealability.

## V.  CONCLUSION

Accordingly, IT IS ORDERED that the "Petition for Writ of Habeas Corpus" (Dkt. # 1) is SUMMARILY DISMISSED.

IT IS FURTHER ORDERED that the court DECLINES to issue a certificate of appealability.

      s/Robert H. Cleland  
      ROBERT H. CLELAND  
      UNITED STATES DISTRICT JUDGE

Dated:  January 21, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 21, 2010, by electronic and/or ordinary mail.

      s/Lisa G. Wagner  
      Case Manager and Deputy Clerk  
      (313) 234-5522